UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEN SILVEUS,

        Plaintiff,

  v.                                                                   CIVIL ACTION NO.
                                                                      22-12128-PBS

THE STATE OF MASSACHUSETTS,
MAURA HEALEY,
CHARLIE BAKER,
CITY OF BROCKTON,

        Defendants.

ORDER DISMISSING CASE

SARIS, J.                                                                                        May 1, 2023

       1.       Plaintiff Ben Silveus's ("Silveus") motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Because Silveus is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). In conducting this review, the Court liberally construes Silveus's complaint because he is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

2.      This action is <u>DISMISSED</u> with prejudice because it is barred by the doctrine of *res judicata*. *Res judicata*, or more specifically claim preclusion, is a judicial doctrine that provides, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating claims that were raised or could have been raised in that action." <u>Hatch v. Trail King Indus., Inc.</u>, 699 F.3d 38, 45 (1st Cir. 2012) (quoting <u>Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.</u>, 48 F.3d 576, 583 (1st Cir. 1995)). It "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on adjudication." <u>Hatch</u>, 699 F.3d at 45 (alterations and quotations omitted). The elements of claim preclusion are satisfied where there is: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." <u>Id.</u> (citation and quotations omitted).

All three elements are satisfied here. Silveus's complaint attempts to relitigate the action styled <u>Silveus v. the State of Massachusetts, et al.</u>, 1:22-cv-11064-AK ("the First Action"). That action was dismissed on December 5, 2022. <u>See</u> Order, First Action, ECF No. 8 and Order Dismissing Case, ECF No. 9. Silveus's attempt to refile the same action based upon the same filings that this Court has already determined fail to state a claim is barred by res judicata and warrants sua sponte dismissal. <u>See</u> <u>Katz v. McVeigh</u>, 15-CV-338-LM, 2015 WL 7016334, at *6 (D.N.H. Nov. 12, 2015) ("Given the circumstances of this case, which include two complaints alleging identical facts and asserting identical causes of action, and [plaintiff's] own characterization of this case as a re-filing of the case that she and her co-plaintiffs lost before Judge Laplante, it is crystal clear that plaintiff's claims . . .[even against new defendants] . . . could not survive a motion to dismiss asserting a res judicata defense.").

3. The Clerk is directed to enter a separate order of dismissal.

**So Ordered.**

                                                /s/ Patti B. Saris
                                       UNITED STATES DISTRICT JUDGE